UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALIN DIMITROV,

                               Plaintiff,

      -v-

THE UNITED STATES OF AMERICA, <u>et. al.</u>,

                               Defendants.

CIVIL ACTION NO. 25 Civ. 7420 (JHR) (SLC)

**<u>OPINION AND ORDER</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. <u>INTRODUCTION</u>

Plaintiff Kalin Dimitrov ("Plaintiff") brings this action against Defendants the United States of America ("USA"), the City of New York ("City"), Township of Teaneck ("Teaneck"), Marlene Dula ("Ms. Dula"), Raphael Pimienta ("Ms. Pimienta"), and several John Does, alleging constitutional violations by Defendants over a thirteen-year period.  (Dkt. No. 1 (the "Complaint")).  The Honorable Jennifer H. Rearden referred this action to the undersigned for general pre-trial management and dispositive motions.  (Dkt. No. 20).[1]  On January 9, 2026, Plaintiff filed a motion to consolidate this action with an earlier action he commenced against the same Defendants in this District captioned <u>Dimitrov v. The United States of America</u>, <u>et al.</u>, No. 23 Civ. 6451 (JHR) (SLC) (the "Dimitrov I Action").  (Dkt. No. 43 (the "Motion")).  Pursuant to Local Civil Rule 6.1(b), the deadline for Defendants to respond to the Motion was

---

[1] We issue this Opinion and Order, instead of a Report and Recommendation, because a motion to consolidate is a nondispositive motion.  <u>See</u> <u>Steiner v. UiPath, Inc.</u>, No. 24 Civ. 4702, <u>et al.</u>, (JPC) (SDA), 2024 WL 4054373, at *1 n.2 (S.D.N.Y. Sept. 4, 2024) ("An order granting a motion to consolidate is a nondispositive order."); <u>In re Synergy Pharms. Inc. Secs. Litig.</u>, No. 18 Civ. 873, <u>et al.</u>, (AMD) (VMS), 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020) (collecting cases).

January 23, 2026.  See Local Civil Rule 6.1(b).  To date, Defendants have not responded to the Motion.  Accordingly, we deem the Motion unopposed.  For the reasons set forth below, the Motion is **GRANTED.**

## II. <u>BACKGROUND</u>

### A.  <u>The Dimitrov I Action</u>

We incorporate by reference the factual background set forth in the report and recommendation in the Dimitrov I Action, dated August 14, 2023.  <u>Dimitrov v. United States</u>, No. 23 Civ. 6451 (JHR) (SLC), 2023 WL 12196538, at *1–3 (S.D.N.Y. Aug. 14, 2023) ("<u>Dimitrov I</u>").[2]

On July 25, 2023, Plaintiff commenced the Dimitrov I Action against Defendants under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. §§ 1981, 1983, 1985, 1986; 28 U.S.C. § 2671, <u>et</u> <u>seq.</u>, (the "Federal Tort Claims Act," or "FTCA"); the Constitution of the State of New York; and state and common law of the States of New York and New Jersey.  (Dimitrov I Action, Dkt. No. 1).  In the Dimitrov I Action, Plaintiff alleged that "[b]eginning in mid-August 2012 . . . Defendants and their 'agents' have 'regularly' surveilled [Plaintiff]; tampered with his mail, email and social media accounts; subjected him to death threats, assaults, verbal harassment about his 'perceived sexual orientation' and 'Bulgarian enemies;' and targeted him with 'focused directed energy beams.'"  <u>Dimitrov I</u>, 2023 WL 12196538, at *1.  Plaintiff also alleged that "Defendants interfered with his right to petition the government for redress" by allegedly interfering with Plaintiff's "ability to litigate an employment discrimination action that he previously filed in this Court" and "efforts to exhaust his FTCA

---

[2] Internal citations and quotations are omitted from case citations unless otherwise indicated.

claim[.]" Dimitrov I, 2023 WL 12196538, at *2.  Plaintiff sought money damages and declaratory

and injunctive relief.  Dimitrov I, 2023 WL 12196538, at *2.

On August 14, 2023, we issued Dimitrov I recommending that the Dimitrov I Action be

dismissed as frivolous.  See Dimitrov I, 2023 WL 12196538, at *3.  Dimitrov I remains pending

before Judge Rearden.

### B.  The Dimitrov II Action

On September 5, 2025, Plaintiff commenced this action (the "Dimitrov II Action") against

the same Defendants as in the Dimitrov I Action and alleging the same violations under the same

statutes and Constitutional sections.  (Dkt. No. 1).  Plaintiff filed the Dimitrov II Action because

Dimitrov I "is still pending" and meanwhile, "Defendants' abuse continue[s] without remedy,

their efforts to 'suppress' and 'destroy' Plaintiff now include the obstruction of Dimitrov I, and

their conduct since the initiation of Dimitrov I is the reason for [the Dimitrov II Action]."

(Dkt. No. 1 at 4).

### III. DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 42(a) governs the consolidation of actions.  Rule 42(a)

provides:

> [i]f actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Rule 42(a) therefore "empowers a trial judge to consolidate actions for trial when there

are common questions of law or fact to avoid unnecessary costs or delay."  Garnett-Bishop v.

New York Community Bancorp, Inc., 299 F.R.D. 1, 5 (E.D.N.Y. 2014) (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990)).  "Differences in causes of action [or] defendants . . . do not render consolidation inappropriate" where (1) "the cases present sufficiently common questions of fact and law," and (2) "the differences do not outweigh the interests of judicial economy served by consolidation."  Kaplan v. Gelfond, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

"The trial court has broad discretion to determine whether consolidation is appropriate." Johnson, 899 F.2d at 1284.  "[Rule 42(a)] should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion[.]"  Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).  The Second Circuit, however, has noted that "[a] district court should consider both equity and judicial economy" in assessing whether to consolidate, and "efficiency cannot be permitted to prevail at the expense of justice[.]"  Id. at 130.

In this regard, the court must consider:

[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285.

"A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions."  In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993); see Liberty Media Corp. v. Vivendi Universal, S.A., 842 F. Supp. 2d 587, 592 (S.D.N.Y. 2012) (same).

4

**B.  Application**

In the Motion, Plaintiff argues that the Dimitrov I Action should be consolidated with the Dimitrov II Action to "serve the convenience of the Court and parties," and to "assist in avoiding repetition, unnecessary expense, and unnecessary delay." (Dkt. No. 43 at 1).  We agree.

Having compared the factual and legal issues in the Dimitrov I Action with those in the Dimitrov II Action, we find that they are nearly identical.  (Compare Dkt. No. 1 with, Dimitrov I Action, Dkt. No. 1).  In both actions, Plaintiff sued the same Defendants under the same theories alleging the same violations.  (Compare Dkt. No. 1 with, Dimitrov I Action, Dkt. No. 1).  Plaintiff even states in the Complaint that the reason he filed the Dimitrov II Action is because the decision on Dimitrov I "is still pending" while "Defendants' abuse continue[s] without remedy[.]" (Dkt. No. 1 at 4).  Plaintiff acknowledges in the Motion that he "incorporates by reference or explicitly a lot of the factual [allegations] and the entire legal matter raised in the [Dimitrov I Action][.]" (Dkt. No. 43 at 1).  "Given the overlapping questions of law and fact presented in the cases before us, litigating [two] separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources."  Kaplan, 240 F.R.D. at 92.

Accordingly, the Motion is **GRANTED**.

## IV.  CONCLUSION

For the reasons set forth above, the Motion is **GRANTED.**

The Clerk of Court is respectfully directed to close Dkt. No. 43 and to consolidate this action with the Dimitrov I Action captioned Dimitrov v. The United States of America, et al., No.

5

23 Civ. 6451 (JHR) (SLC).

Dated:       New York, New York
               January 28, 2026

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

6